IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MARK VAUGHN,<br><br>Defendant. | Case No. 24-05033-01-CR-SW-MDH |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through R. Matthew Price, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Christopher Mark Vaughn, Jr., to a within-Guidelines sentence of 84 months' imprisonment.

### I. BACKGROUND

Christopher Mark Vaughn pleaded guilty on March 31, 2025, to the sole count of an indictment, with a plea agreement, charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, being a felon in possession of a firearm. (PSR 3, ¶ 1.) On July 23, 2025, the final presentence investigation report (PSR) was filed. The sentencing hearing is scheduled for October 14, 2025.

### II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir.

2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930. 18 U.S.C. § 3553(a) instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" identified in § 3553(a)(2), "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017). This Court "has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Boykin*, 850 F.3d 985, 989 (8th Cir. 2017) (per curiam) (quoting *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012)).

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

The final PSR finds a statutory maximum term of imprisonment of 15 years; a Guidelines range of imprisonment of 70 to 87 months; a statutory supervised release term of not more than three years; and a Guidelines supervised release term of one to three years. (PSR 20, ¶¶ 82-83, 85-87.)

#### B. Statutory Sentencing Factors

In the vast majority of cases, the properly calculated Sentencing Guidelines range corresponds to a sentence that fully satisfies the 18 U.S.C. § 3553(a) factors.[1] This is because a

---

[1]The § 3553(a) factors include:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-

within-Guidelines sentence reflects the accumulated wisdom and expertise of the United States Sentencing Commission. *See Kimbrough,* 128 S. Ct. at 574. Consequently, only in rare cases will full consideration of the § 3553(a) factors call for a sentence outside the Guidelines range, either above or below. This is not one of those rare cases that would justify a below Guideline Sentence, and the Government respectfully submits that full consideration of these factors warrants a within-Guidelines sentence of 84 months' imprisonment.

1. **Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

VAUGHN is a 49-year-old male, born in Joplin, Missouri. (PSR 2.) VAUGHN'S criminal history is fairly extensive with criminal convictions for resisting arrest, assault on law enforcement, many instances of assault, felony assault for stabbing a person repeatedly, disturbing the peace, driving under the influence, repeatedly illegally possessing firearms and other weapons, as well as credit card fraud, and delivery of a controlled substance. (PSR 5-13, ¶¶ 25-45.) With a criminal history score of 11, VAUGHN'S criminal history is a "V" criminal history. (PSR 14, ¶ 48.) Furthermore, VAUGHN has been previously arrested on numerous other occasions for offenses involving that mirror his prior criminal convictions. (PSR 14-17, ¶¶ 49-61.) Furthermore, despite

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed...medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;
(5) any pertinent policy statement...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct....

his numerous convictions, 23 of those convictions were not scored. As a result, the Government avers that despite VAUGHN amassing a criminal history score of "V," this score greatly understates the true severity of his criminal history. Ultimately, since the age of 23, VAUGHN has amassed a relatively substantial criminal history that reflects a life of criminal conduct that has gone unabated this defendant's entire adult life.

At only 49, VAUGHN has 27 separate misdemeanor convictions, 7 felony convictions, with the instant offense being his 8th felony conviction, and at least the third time VAUGHN has been convicted for illegally possessing a firearm. VAUGHN'S possession of a weapon is not limited to just firearms, as he was previously convicted of felony assault for repeatedly stabbing another person with a knife. (PSR 9, ¶ 36.) His misdemeanor convictions involve him violently assaulting law enforcement and private citizens. *Id.* While VAUGHN was on either parole or probation for prior criminal convictions, he committed new criminal offenses and violated the conditions of his release repeatedly.

During VAUGHN'S adult life, he has been given many opportunities to reform his behavior, but he has chosen to commit many of the same violent offenses over and over again. Ultimately, VAUGHN has refused every opportunity to rehabilitate himself and lead a law-abiding life. VAUGHN has repeatedly abused drugs, possessed weapons and then acted out against those around him by committing violent criminal acts. In this instance, while he did not have the opportunity to commit a crime of violence, VAUGHN once again was found passed out, behind the wheel of his vehicle, under the influence of a controlled substance while also possessing yet another firearm.

Taking into account the nature of his offense in this case, VAUGHN'S considerable criminal history that started at the age of 23 and continue unabated throughout most of life, and

his history of noncompliance on supervision, the Government avers that an 84-month sentence is both just and essential to protect the community from this defendant and his life of criminal conduct.

## 2. Need to Promote Respect for the Law

As is evidence from his criminal history, VAUGHN has been repeatedly convicted of numerous criminal offenses within his adult life. (PSR 5-13, ¶¶ 25-45.) In fact, of his many different criminal convictions, 23 of his prior convictions were not scored, and numerous others criminal offenses were either dismissed or uncharged. *Id.* VAUGHN also repeated violating the orders of his release issued by prior courts for his numerous felony and misdemeanor convictions.

Ultimately, VAUGHN'S considerable criminal history and his willful failure to abide by the terms of release set forth by prior criminal courts demonstrates that he has a complete lack of respect for the law, the restrictions placed on him by other courts, and his willingness to place the community in danger. VAUGHN has repeatedly engaged in violent and assaultive behavior that includes two convictions for assaulting law enforcement, seven separate convictions for assault, a felony assault for repeatedly stabbing another person, unlawful use of a firearm on two different occasions, delivery illegal narcotics, numerous instances of resisting arrest and obstruction. While the aforementioned violent convictions are considerable, VAUGHN, on top of his 27 misdemeanor convictions, also has 6 felony convictions for fraudulent use of credit cards, stabbing a person, tampering with a motor vehicle, delivery of controlled substances, and unlawful possession of a firearm. In fact, VAUGHN'S criminal history is replete with violent instances, abusing drugs, and also possessing as well as using weapons against others.

In this case, VAUGHN was found illegally in possession of a firearm while behind the wheel of vehicle, and under the influence of narcotics to the point that he was passed out. In the

5

instant offense, VAUGHN'S criminal conduct is simply him repeating a pattern of dangerous, violent criminal conduct that places everyone at risk. Based on VAUGHN'S history and actions, the fact that he was illegally possessing a firearm while under the influence of methamphetamine, and his history of noncompliance, the Government contends that an 84-month sentence is essential to address his criminal disrespect for both the law and the safety of our community.

### 3. Need to Afford Adequate Deterrence to Criminal Conduct

A clear message that criminals who possess firearms will not be tolerated in the community must be sent. Further, a person prohibited from possessing a firearm, who is doing so while under the influence of illegal narcotics represents an especially dangerous incident to the surrounding community. A sentence of 84 months will provide a specific deterrence to VAUGHN, at least for the length of his incarceration, and in the future, as he considers his next steps in life after his release. More importantly, a sentence of this magnitude will also send VAUGHN the strong message that future criminal conduct will result in even longer periods of imprisonment.

### 4. Need to Protect the Public from Further Crimes of the Defendant

VAUGHN is still relatively young, yet his misdemeanor and felony criminal history began at 23 years of age, respectively, and has continued throughout much of his entire adult life. VAUGHN'S consistent contact with law enforcement, coupled with his disregard for the law, demonstrates that he has not yet, and is unlikely, to turn his life from a criminal path. It is undeniable that VAUGHN, who has led a criminal lifestyle, is a danger to the community, and there is no indication he will choose another path when released. Because of that, a sentence of 84 months' imprisonment followed by three years of post-release supervision is appropriate for VAUGHN.

6

5. **Necessity to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment**

The Government would support VAUGHN'S efforts to obtain additional counseling and training within the Federal Bureau of Prisons. Overall, educational or vocational opportunities could be of benefit to VAUGHN as well and hopefully provide him the necessary tools to become a productive member of society, instead of the repeat criminal offender that he has been thus far.

## IV. CONCLUSION

The Government respectfully requests that the nature and circumstances of the offense, VAUGHN'S characteristics, the need to promote respect for the law, the need to afford adequate deterrence, the need to protect the public from VAUGHN, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests that this Court impose a sentence of 84 months. Such a sentence is supported by the facts and circumstances of this case.

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney


*/s/ Patrick Carney*
PATRICK CARNEY
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417) 831-4406

## CERTIFICATE OF SERVICE

   I hereby certify that on this 9th day of October, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

                */s/ Patrick Carney*
                PATRICK CARNEY
                Assistant United States Attorney